Judge Owsley
delivered the opinion of the Court.
Taylor brought suit before a justice of the peace against Nichols, and recovered judgment for between thirty and forty dollars. Án ex-edition issued upon the judgment and was after- *326 wards replevied by Nichols. When the replevy bond became payable, the justice issued another execution thereon, against the estate of Nichols and his surety, directed to any constable of his county. The execution upon its face, is in the usual form, and is endorsed as follows: This execution is issued on a replevin bond, and no security can or will be taken. Immediately following the endorsement the name of the justice is subscribed, it being the only signature of the justice attached to the execution. The execution, in this condition was deliv? ered to a constable of Daviess county, and the amount thereof received by him from Nichols, and a return made by the constable of his having so received the amount made upon the execution.
Bill for injunction.
Decree of tlie ■circuit court dismissing the bill.
An execution issued by a Justice of the peace, not having his signature at the conclusion of the writ, but affixed to the endorsement, no security of any kind ■ shall be taken, is good, the signing being sufficient.
After thisj Taylor caused another execution to be issued by the justice on the replevy bond, against the estate of Nichols and his surety, and this bill with injunotion was brought by Nichols for the purpose of being relieved from the execution and judgment, on the ground of the payment made by him to the constable under the first execution which issued on the replevin bond.
The circuit court first dissolved the injunction and at subsequent term dismissed the bill with costs.
We think that the court erred. It would, no doubt, have been more conformable to technical accuracy, for the justice to have subscribed his name at a different place from that at which it appears on the paper, but it has been repeatedly ruled, that endorsements which are made by the officer issuing an execution, forms a part of the execution, and as the name of the justice immediately follows the endorsement, it-must, to every essential purpose, be understood to be a signing By him, and communicating to the execution the same force and effect that the most formal signing could do. Assuming the signing of the execution by the justice to be sufficient, therefore, it follows that relief should have been decreed to Nichols, for there is no other objection to the execution and it is admitted that after the execution came to the hands of the constable, the amount thereof was actually paid to him by Nichols.
Mandate for a decree for the money to bere.unded if collected; if not, for a perpetual injunction.
Mayes, for plaintiff.
The decree must be reversed with cost, the cause remanded to the court below, and if the money has not been again collected from Nichols, since the dissolution of his injunction, the judgment must be perpetually injoined &c. but if the money, or any part thereof has been again collected, a decree must be entered in favor of Nichols for whatever may have been so collected, and such other orders and decrees must be made as may not be inconsistent with the principles of this opinion, and may conform to the equity of the case.